UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIVIAN NIEDZINSKI, on behalf of herself and all others similarly situated, Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Civil Action No.: 4:19-cv-40037 |
| MR. COOPER f/k/a NATIONSTAR MORTGAGE LLC, Defendant. | )<br>)<br>) (Mass. Super. Ct. Worcester County<br>) C.A. No. 1985-cv-00126-C) |

## NOTICE OF REMOVAL

### I.   INTRODUCTION

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant Nationstar Mortgage LLC[1] ("Defendant") hereby removes the action entitled *Vivian Niedzinski, on behalf of herself and all others similarly situated v. Mr. Cooper f/k/a Nationstar Mortgage LLC*, Massachusetts Superior Court, Docket Number 1985-cv-00126-C (the "Superior Court Action"), to the United States District Court for the District of Massachusetts (the "District Court"). Pursuant to LR 3.1, the Civil Cover Sheet and Category Sheet to accompany this Notice of Removal are attached hereto as **Exhibit "A."** The ground for removal is diversity jurisdiction, as follows:

1. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed timely.

    a. On or about February 8, 2019, Defendant received service of the Class Action Complaint and Demand for Jury Trial (the "Complaint") of Plaintiff Vivian Niedzinski ("Plaintiff"), along with a Summons, an "Amended" Superior Court Civil Action Cover Sheet, allowance of a motion for special process server, and a Superior Court Tracking Order. True and accurate copies of these pleadings are attached as **Exhibit "B."**

---

[1] Nationstar Mortgage LLC does business as Mr. Cooper.

   b. This Notice of Removal, as dated below, is filed with the District Court within thirty (30) days of service of the initial pleadings in the Superior Court Action.

 2. Pursuant to 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the Plaintiffs and the Defendant.

   a. The Complaint alleges that the Plaintiff "resid[es] in Auburn, Worcester County, Commonwealth of Massachusetts." Compl. ¶ 5. Plaintiff is therefore a citizen of Massachusetts.

   b. Plaintiff in her Complaint also seeks to represent a putative class of "consumers residing in the Commonwealth of Massachusetts," *see id.* ¶ 20, for alleged violations of a Massachusetts regulation that applies to communications with "debtors," defined in 940 CMR 7.03 (with emphasis added) as persons "***present or residing in Massachusetts*** who [are] allegedly personally liable for a debt." Any putative class of plaintiffs are accordingly also citizens of Massachusetts.

   c. Defendant Nationstar Mortgage LLC is a Delaware limited liability company with its principal place of business in the state of Texas. *See id.* ¶ 6. For purposes of diversity jurisdiction, Nationstar is a citizen of both Delaware and Texas, by virtue of its members.

     i. "[F]or purposes of diversity jurisdiction . . . the citizenship of a limited liability company 'is determined by the citizenship of all of its members.'" *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) (quoting *Pramco, LLC ex rel. CFSC Consortium LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006)).

ii. The inquiry as to the citizenship of an LLC accordingly "has the potential to be iterative," because "[i]f even one of [the LLC's] members is another unincorporated entity, the citizenship of that member's members . . . must then be considered." *Id.* at 126-27 (citations omitted). In other words, to assess the citizenship of an LLC for purposes of diversity jurisdiction, one has to trace the membership up the chain for each member until one reaches either a natural person, or a corporation.

iii. Nationstar is directly wholly owned by its two members, which are Nationstar Sub1 LLC ("Sub1") and Nationstar Sub2 LLC ("Sub2"). Sub1 and Sub2 are both likewise Delaware limited liability companies, with their principal place of business in the state of Texas. Accordingly, one then looks one step further to the membership of Sub1 and Sub2.

iv. The sole member of both Sub1 and Sub2 is Nationstar Mortgage Holdings, Inc. ("NSM Holdings"), which is a Delaware corporation with its principal place of business in the state of Texas.

v. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The citizenship of NSM Holdings is accordingly in both Delaware (state of incorporation) and Texas (principal place of business).

vi. Therefore, to determine the citizenship for diversity purposes of Defendant, one looks to its members (Sub1 and Sub2), then looks through those LLC members in turn to their own sole member (NSM Holdings). The citizenship of Nationstar is accordingly the same as that of NSM Holdings: it is a citizen of both Delaware and Texas.

        d.     In sum, because the Plaintiff, and any putative class of plaintiffs, are citizens of Massachusetts, and the Defendant is a citizen of Delaware and Texas, complete diversity of citizenship exists among all the parties.

    3.     Likewise pursuant to 28 U.S.C. § 1332(a), the $75,000 amount-in-controversy requirement, exclusive of interest and costs, is met.

        a.     "For the purpose of establishing diversity jurisdiction, the amount in controversy is determined by looking to the circumstances at the time the complaint is filed." *Barbosa v. Wells Fargo Bank, N.A.*, Civ. No. 12-12236-DJC, 2013 WL 4056180, at *3 (D.Mass. Aug. 13, 2013) (citing *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995); *see also, e.g.*, *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004) (citation omitted) (same).

        b.     The amount-in-controversy requirement is met so long as it does not "appear to a legal certainty that the claim is really for less than the jurisdictional amount." *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (quoting, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

        c.     "[I]t has long been the rule that a court decides the amount in controversy from the face of the complaint, 'unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" *Coventry*, 71 F.3d at 4 (quotations omitted).

        d.     It does not appear to a legal certainty that Plaintiff is seeking less than $75,000 in damages in her Complaint, inclusive of attorneys' fees as she claims in her sole count under G.L. c. 93A, particularly when in her "Amended" Superior Court Civil Action Cover Sheet, *see* Ex. B, she purports damages of $750,000.

    e. This is furthermore supported by the fact that "[w]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy." *Lucas v. Ultima Framingham LLC*, 973 F.Supp.2d 98, 101 (D. Mass. 2013) (quotation omitted). Accordingly, while Defendant certainly denies that it would be responsible for multiple (or any) damages, Plaintiff nonetheless seeks an award of treble damages under G.L. c. 93A, in her Demand for Relief in her Complaint.

    f. Therefore, even applying an excessively conservative $15,000 figure in sought-after attorneys' fees, the true question is whether it is a legal certainty that Plaintiff brings her claim for less than $20,000 in base-line damages. The answer to that question would have to be no, if for no other reason than if that were the case, even the Superior Court, where she filed, would lack jurisdiction. *See* G.L. c. 212, § 3 ("The actions may proceed in the [Superior] court only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000 . . . .").

    g. In other words, Plaintiff's filing of her action in Superior Court reflects her understanding that she is seeking at least $25,001 in base-line damages, *see* G.L. c. 212, § 3 ("Where multiple damages are allowed by law, the amount of single damages claimed shall control."), which then if trebled, *see Lucas*, 973 F.Supp.2d at 101, with any amount of attorneys' fees sought, *see id.*, would itself exceed $75,000.

  4. Pursuant to LR 40.1(c)(2), the Central Division of the District of Massachusetts is the proper venue for removal, because this Division includes Worcester County, in which the Superior Court Action was filed, and where Plaintiff resides, on information and belief.

5. No other initial pleadings were served upon Defendant in the action. See 28 U.S.C. § 1446(a). Pursuant to LR 81.1, Defendant will, within twenty-eight (28) days after filing this Notice of Removal, filed certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously filing a copy of the Notice of Removal of the action with the Worcester County Superior Court Department of the Massachusetts Trial Court, in the Superior Court Action. Defendant will serve Plaintiff with a copy of this Notice of Removal and the Notice filed in the Superior Court Action.

7. By virtue of this Notice of Removal and the Notice filed in the Superior Court Action, Defendant does not waive its right to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

        Respectfully submitted,

        DEFENDANT

        By its attorneys,

        /s/ Matthew A. Gens
        Jason A. Manekas, Esq. (BBO No. 632073)
        Matthew A. Gens, Esq. (BBO No. 675393)
        BERNKOPF GOODMAN LLP
        Two Seaport Lane, 9th Floor
        Boston, MA 02210
        Tel: (617) 790-3000
        Fax: (617) 790-3300
        jmanekas@bg-llp.com
        mgens@bg-llp.com

Dated: February 26, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) or sent by first-class mail to any persons indicated as non-registered participants on this date.

Signed under the pains and penalties of perjury this 26th day of February, 2019.

*/s/ Matthew A. Gens*